NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3613
_____

WAYNE HARRISON; MARY HARRISON

v.

CABOT OIL & GAS CORPORATION,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-10-cv-00312)
District Judge:  Hon. Robert D. Mariani
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 24, 2015

Before:   JORDAN, SHWARTZ, and KRAUSE, Circuit Judges

(Filed: June 25, 2015)
_____

OPINION*
_____

_____

   * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

JORDAN, Circuit Judge

Cabot Oil & Gas Corporation ("Cabot Oil") appeals from the entry of summary judgment in favor of Wayne Harrison and Mary Harrison on its counterclaim. We will affirm.

After briefing was completed in this appeal, we petitioned for certification of the following question to the Supreme Court of Pennsylvania: "When an oil and gas lessor files an unsuccessful lawsuit to invalidate a lease, is the lessee entitled to an equitable extension of the primary lease term equal to the length of time the lawsuit was pending?" *Harrison v. Cabot Oil & Gas Corp.*, No. 12-3613, at 7 (3d Cir. Apr. 7, 2014). That Court granted our petition and issued a thorough and thoughtful opinion on February 17, 2015. In answering our question, the Pennsylvania Supreme Court declared, "We do not foreclose that equitable relief may be available to oil-and-gas-producing companies – subject to applicable requirements governing recourse to equity – where there is an affirmative repudiation of a lease." *Harrison v. Cabot Oil & Gas Corp.*, 110 A.3d 178, 186 (Pa. 2015). But, the Court continued, "the mere pursuit of declaratory relief challenging the validity of a lease does not amount to such." *Id.* It explained that it "has required more than the mere assertion of a challenge to the validity of an agreement to demonstrate such repudiation. Under Pennsylvania law, anticipatory repudiation or breach requires an 'absolute and unequivocal refusal to perform or a distinct and positive statement of an inability to do so.'" *Id.* at 184 (quoting *2401 Pa. Ave. Corp. v. Fed'n of Jewish Agencies of Greater Phila.*, 489 A.2d 733, 736 (Pa. 1985)).

2

The Pennsylvania Supreme Court's opinion effectively resolves the sole issue on appeal. Cabot Oil's counterclaim sought equitable relief based on the request in the Harrisons' amended complaint for a declaration that the lease was invalid.[1] Because "the mere pursuit of declaratory relief challenging the validity of a lease does not amount to [repudiation]," *id.* at 186, the District Court properly granted summary judgment against Cabot Oil on its counterclaim.

Cabot Oil acknowledges that, in light of the Pennsylvania Supreme Court's decision, it cannot prevail on a theory of repudiation. But it argues that its counterclaim is also based on a number of other equitable theories, including estoppel, unjust enrichment, and avoidance of contractual forfeiture. Because the Commonwealth's Supreme Court did not address those alternative theories, Cabot Oil urges us to do so now.

Contrary to Cabot Oil's assertion, however, its counterclaim was based solely, and explicitly, on a theory of repudiation. In its briefing before us, Cabot Oil did briefly discuss alternative theories that other jurisdictions have used to justify the equitable relief it seeks, but its briefing focuses, appropriately, on the one theory actually alleged in its counterclaim: repudiation. Other theories of relief are therefore not properly before us.

---

[1] In their amended complaint, the Harrisons also sought, in the alternative, an order compelling Cabot Oil to pay fair market value for the lease. But Cabot Oil only alleged repudiation on the basis of the Harrisons' request for declaratory relief. Thus any claim of repudiation based the Harrisons' request for just compensation has been forfeited. *See Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 641-42 (3d Cir. 1993) (treating as forfeited a claim that was neither raised in complaint nor added by amendment).

*See Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 641-42 (3d Cir. 1993) (treating as forfeited a claim that was neither raised in complaint nor added by amendment).

Accordingly, we will affirm the order of the District Court.